{¶ 72} I agree that Defendant-Appellant's R.C. 2945.71 speedy trial time had not expired when he was brought to trial on January 22, 2002, for the reasons Judge Young states. However, Defendant-Appellant's particular complaint is that the trial court erred when it denied the R.C. 2945.73 motion for discharge that he filed on December 27, 2001.
 {¶ 73} "The terms of R.C. 2945.71, et seq., are peremptory and mandatory, but not self-executing. In order to prosecute his rights under those provisions a defendant must file a motion for discharge pursuant to R.C. 2945.73. The merits of that claim are determined as of the date the motion is filed, not as of when it is decided or when, after a denial, a defendant is brought to trial." State v. Morris (Mar. 7, 2003), Montgomery App. No. 19283, 2003-Ohio-1049, at p. 3 ¶ 12.
 {¶ 74} If Defendant-Appellant's statutory speedy trial time had not expired on January 22, 2002, neither could it have expired when his motion for discharge was filed on December 27, 2001. I would overrule his assignment of error on that basis.